IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LOCAL SPOT, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:20-cv-00421 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| JOHN COOPER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CLAIMS

The parties have filed a Joint Stipulation of Dismissal Without Prejudice (Doc. No. 106). The Joint Stipulation states that the parties stipulate to dismiss Plaintiffs' claims based on the Tennessee Constitution and Tennessee law set forth in Count IV and V; Plaintiffs' claims based on unreasonable seizure set forth in Count I, ¶ 373; Plaintiffs' claims based on the "taking clause" of the 5th Amendment set forth in Count II, ¶ 391; and Plaintiffs' allegations based on the vagueness of Defendants' orders set forth in Count II, ¶ 392. Although the parties cite Fed. R. Civ. P. 41(a)(1)(ii) to support their stipulation of dismissal, the Court construes their stipulation as a Motion to Amend the Complaint under Rule 15. *See Baker v. City of Detroit*, 217 F. App'x 491, 497 (6th Cir. 2007) ("Rule 41 does not speak to dismissal of claims, and an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant."). Because the parties have agreed to amend the Complaint to dismiss these counts without prejudice (see Doc. No. 106), and the Court sees no reason why such amendment would be inappropriate, the Complaint is hereby so amended.

Accordingly, Plaintiffs' claims based on the Tennessee Constitution and Tennessee law set forth Count IV and V; Plaintiffs' claims based on unreasonable seizure set forth in Count I, ¶ 373; Plaintiffs' claims based on the "taking clause" of the 5th Amendment set forth in Count II, ¶ 391; and Plaintiffs' allegations based on the vagueness of Defendant's orders set forth in Count II, ¶ 392. are **DISMISSED** without prejudice. That is, each of Counts IV and V is dismissed in its entirety, Count I is dismissed to the extent it is based on the allegations set forth in ¶ 373, and Count II is dismissed to the extent it is based on the allegations set forth in ¶¶ 391-392,

Plaintiff's claims otherwise remain pending.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE